## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL RICHARD VIGIL,

        Plaintiff,

vs.                                      Civ.  No. 00-0472 MV/RLP

WILLIAM A. HALTER,
Deputy Commissioner of Social  Security[1],

        Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## ANALYSIS AND RECOMMENDED DISPOSITION[2]

1.      Plaintiff, Paul Richard Vigil, ("Plaintiff," here),  was found disabled as of October 3, 1994.

He has received disability income benefits effective as of that date.  His present claim seeks a

determination that his disability commenced on October 26, 1990.  He seeks an award of benefits

from October 26, 1990, to October 3, 1994.

### I.      Procedural Background

2.      Plaintiff filed an application for disability income benefits on April 12, 1993, alleging a date

of onset of disability of  June 14, 1989.  (Tr. 26).  The date of onset was subsequently amended to

October 26, 1990, due to the application of *res judicata* to a prior administrative denial of benefits,

---

[1]William A. Halter was sworn in as Deputy Commissioner of Social Security on January 19, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, William A. Halter should be substituted for Commissioner Kenneth S. Apfel as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. §405(g).

[2]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

not at issue in this appeal.[3]  (Tr. 207).  Plaintiff's application for benefits was denied at the first and second levels of administrative review.  (Tr. 40-41, 46-47).

3.       A hearing was held by ALJ Neufeld on December 15, 1993. (Tr. 11, 138-157).  In a decision dated October 5, 1994, the ALJ applied Rule 201.21 of the Medical-Vocational Guidelines ("Grids," herein) (20 C.F.R. Pt. 404, Subpt. P, App. 2) and found that Plaintiff was not disabled. (Tr. 11-15). The Appeals Council declined to review the ALJ's decision on March 15, 1995. (Tr. 3-4).   4.

         Plaintiff appealed the denial of his claim to the District Court for the District of New Mexico. The District Court found that the ALJ had used the wrong age category when applying the Grids. The District Court further held that application of the correct age category (Rule 201.14) mandated a finding that Plaintiff was disabled as of the date of his 50th birthday on October 3, 1994. The Commissioner concurred.  (Tr. 171-178).  The Court remanded for a determination as to Plaintiff's "eligibility for benefits before he turned fifty," instructing the Commissioner to "apply the requirements for a borderline situation and make an individualized determination." (Tr. 175).  The Court also directed the Commissioner to reassess Plaintiff's residual functional capacity and to consider Plaintiff's postural limitations (the need to elevate his leg and the impact of that limitation on his ability to perform sedentary work).  (Tr. 175-177).  By directing the Commissioner to consider postural limitations, the prior District Court Order did not require the use of the Grids in further evaluation of Plaintiff's claim.  Indeed, implicit in the District Court's Decision is the instruction to consider evidence which might make use of the Grids improper.  **Thompson v. Sullivan**, 987 F.2d

---

[3]Plaintiff filed an application for disability income benefits on September 20, 1989, alleging disability based upon an injury to his left knee.  (Tr. 268).  On October 25, 1990, ALJ Poverstein found that Plaintiff's disability did not meet the durational requirement for disability under the Social Security Regulation, and accordingly determined that he was not disabled.  (Tr. 268-271).  The Appeals Council declined review, and further review was not sought. (Tr. 140, 207).

1482, 1492 (10th Cir.1993) (When a claimant has nonexertional impairments such as postural limitations, the grids alone cannot be used to determine the claimant's ability to perform alternative work.).

5.      A hearing was held by ALJ Bivins on June 10, 1997. (Tr. 198, 206-245).  In a decision dated August 12, 1997,  ALJ Bivins found that Plaintiff was not disabled prior to his fiftieth birthday.  ALJ Bivins did not apply the Grids in making the determination, but utilized the testimony of a vocational expert[4].  (Tr. 198-200).  Plaintiff has not argued in this appeal that the hypothetical question posed to the vocational expert was inaccurate.

7.      On August 15, 1998, the Appeals Council entered a remand order directing the ALJ to provide an individualized determination as to the proper age category to be applied to the period at issue.  (Tr. 260-261). The Appeals Council provided no explanation as to why it ignored ALJ Bivins' reliance on vocational testimony.

8.      A hearing was held by ALJ  Nail on November 4, 1998.  (Tr. 164, 276-285).  No testimony was taken at this hearing.  Instead, the ALJ and counsel for Plaintiff engaged in a colloquy regarding the remand order entered by the District Court, and how a borderline age situation applied when a claimant was years, rather than days or months, away from an age category set out in the Grids. In a decision dated  January 7, 1999, the ALJ expressed "puzzlement" at the District Court's remand order, because this case presented no issue of expiration of insured status preventing Plaintiff from

---

[4]ALJ Bivins stated in ¶ 11 of his decision:  "The hypothetical question to the vocational expert on which I rely stated in pertinent part that the claimant could do sedentary work but would need to elevate his leg two to three times in an eight hour period.  In reliance of the facts assumed in that question, the vocational expert identified the following occupations the claimant can perform.  He could work as a draftsman, he could be an assembler, or he could do any unskilled sedentary work.  He would be able to elevate his legs during breaks and during lunch at any available sedentary job."  (Tr. 200).

establishing a disability because of his age. It is apparent that the ALJ felt that absent such an issue, and because Plaintiff was found disabled as of age fifty, no borderline age situation was presented.

ALJ Nail held that because there was no borderline age situation:

> I find, therefore, no reason to disturb the finding in the prior Administrative Law Judge's decision that the claimant was not disabled before he attained chronological age 50.
>
> The Appeals Council's remand of this case concerns only the issues surrounding the claimant's age determination.  The issues surrounding the claimant's need to elevate his leg were evaluated in the prior ALJ decision (referring ALJ Bivins' decision), and the Appeals Council has not found that that evaluation and conclusions contain any errors of law.  The issues regarding the claimant's postural limitations are, therefore, not evaluated herein.

(Tr. 166).

The Appeals Counsel declined jurisdiction to review Plaintiff's claim on  February 9, 2000, stating that no borderline age situation was presented because as of his date of onset of disability, Plaintiff was "four years, rather than a few days or months from the next age category." (Tr. 158).

## II.     Standard of Review

9.     This Court reviews the Commissioner's decision to determine whether the record contains substantial evidence to support the ALJ's findings, and to determine whether the correct legal standards were applied.  **Castellano v. Secretary of Health & Human Services**, 26 F.3d 1027, 1028 (10th Cir.1994).   Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "  **Soliz v. Chater**, 82 F.3d 373, 375 (10th Cir.1996) (quoting  **Richardson  v. Perales**, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).   In reviewing the Commissioner's decision, the court cannot weigh the evidence or substitute its discretion for that of the Commissioner, but I have the duty to carefully consider the entire record and

make my determination on the record as a whole.  **Dollar v. Bowen**, 821 F.2d 530, 532 (10th Cir.1987).

10.     The Commissioner has established a five-step sequential evaluation process to determine if a claimant is disabled.  **Reyes v. Bowen**, 845 F.2d 242, 243 (10th Cir.1988).   If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there.  **Sorenson v. Bowen**, 888 F.2d 706, 710 (10th Cir.1989).   The burden of proof is on the claimant through step four;  then it shifts to the Commissioner.  Id.

### III.    Issues on Appeal

11.     Plaintiff focuses on the administrative decision of ALJ Nail, contending that ALJ Nail:

    A.      Failed to apply the requirements for analysis of a borderline age situation and  failed to make the required individualized termination as required by HALLEX[5];

    B.      Failed to reassess Plaintiff's residual functional capacity, and

    C.      Failed to consider Plaintiff's nonexertional impairments.

12.     Defendant focuses on the administrative decision of ALJ Bivins, contending that vocational testimony elicited by him provides substantial evidence for a findings of non-disability.

---

[5]HALLEX (Hearings, Appeals and Litigation Law Manual) is a Social Security Administration policy manual written to convey "guiding principles, procedural guidance and information to the Office of Hearings and Appeals staff." HALLEX, Chapt. I-1-001. HALLEX "also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims" at the Appeals Council. Id. The Tenth Circuit has not ruled on whether HALLEX criteria are binding on the Commissioner.  Other circuits are split on this issue. The Ninth Circuit has held that  HALLEX is a purely internal manual and as such has no legal force and is not binding. **Moore v. Apfel**, 216 F.3d 864, 868 (9th Cir.2000).  The Fifth Circuit has held that  although HALLEX does not carry the force of law, an agency must nevertheless follow its own procedures where the rights of individual members are affected, even where the internal  procedures are more rigorous than otherwise would be required. **Newton v. Apfel**, 209 F.3d 448, 459-60 (5th Cir.2000).

**IV.**     **Analysis**

    **A.**     **Law of the case**

13.     Law of the case doctrine is applicable to judicial review of administrative decisions, and requires an administrative agency, on remand from the court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is compelling reason to depart from those principles. **Wilder v. Apfel**, 153 F.3d 799, 803 (7th Cir. 1998); **Key v. Sullivan**, 925 F.2d 1056, 1061 (7th Cir. 1991); **Brachtel v. Apfel**, 132 F.3d 417, 419-420 (8th Cir. 1997); **see also Williams v. Apfel**, 65 F.Supp.2d 1223, 1230 (N.D. Okla. 1999) (Law of the case doctrine applies to issues resolved explicitly and implicitly by higher court.).   In this case, the District Court specifically held that a borderline age situation was present.  (Tr.175).  The Commissioner, having provided no compelling reason to depart from the District Court's decision, erred in finding to the contrary.  This error, however does not mandate the result requested by Plaintiff, that is, a finding that he has been disabled since his alleged date of onset.

    **B.**     **Borderline Age Situation**

14.     The age categories used in the Grids are defined in 20 C.F.R. §404.1563 as: Younger person, under age 50; Person approaching advanced age, 50-54; Person of advanced age, 55 and over. 20 C.F.R. §404.1563(b),(c) & (d).   A borderline age situation exists when a claimant's age is within a few days or months of the next higher age category. When a claimant falls within a borderline, 20 C.F.R. § 404.1563(a) prohibits the Commissioner from mechanically applying the age categories to determine whether a claimant is disabled.   Instead, The Commissioner must determine which of the categories on either side of the borderline best describes the claimant, based on whatever evidence is available.  The Commissioner may apply that category in using the Grids.  A finding regarding the

appropriate age category in which to place a claimant must be supported by substantial evidence. **Daniels v. Apfel**, 154 F.3d 1129, 1133 (10th Cir. 1998);  Social Security Ruling 82-46c.

15.    ALJ Nail held that the only relevant date, or "target date" as he referred to it, from which to determine the existence of a borderline age situation was the date insured status expired, a situation which did not arise in the instant case.  This is an error of law.  If it were the case, there could be no borderline age situation in a cases where a claimants seek only Supplemental Security Income benefits or where the claimant's insured status has not expired.  The date a claimant was last insured may be an appropriate date to analyze a borderline age situation, **see, e.g.,   Daniels v. Apfel**, 154 F.3d  at 1132, but is not the only date.  The Appeals Council held that the relevant date from which to determine the existence of a borderline age situation was the alleged date of onset of disability.  This also is an error of law.  **Daniels v. Apfel**, **Id**.

16.    Plaintiff was forty-six years of age on his alleged date of onset.  As a matter of law no borderline age situation arose as of that date, which was more than "days or months" from his 50th birthday.  Plaintiff was ten months shy of his 50th birthday at the time of the administrative hearing held by ALJ Neufeld.  No borderline age situation arose as of that date.  **Lambert v. Chater**, 96 F.3d 469, 470 (10th Cir.1996) (seven months not borderline)[6].  At issue is the period up to seven

---

[6]For additional cases discussing borderline age situations **see Harrell v. Bowen**, 862 F.2d  471, 479 (5th Cir. 1988) (one year not borderline);  **Russell v. Bowen**, 856 F.2d 81, 84 (9th Cir.1988) (seven months not borderline);  **Underwood v. Bowen**, 828 F.2d 1081, 1082 (5th Cir. 1987)(ten months not borderline); **Barrett v. Apfel**, 40 F. Supp. 2d 31 (D. Mass. 1999) (More than one year from date of administrative hearing, and 9 months from date of ALJ decision not borderline); **Daniels v Apfel**, 154 F.3d at 1131 (sixty-five days deemed borderline);  **Kanen v. Heckler**, 776 F.2d 1130, 1132-33 (forty-eight days before next age category deemed borderline);  **Leyba v. Chater**, 983 F.Supp. 1048 (D.N.M.1996) (three and a half months deemed borderline);  **Davis v. Shalala,** 883 F.Supp. 828 (E.D.N.Y.1995) (three months deemed borderline);  **Hill v. Sullivan**, 769 F.Supp.476, 471 (W.D.N.Y. 1991) (three months two days within borderline);  **Chester v. Heckler**, 610 F.Supp.

months prior to Plaintiff's 50th birthday.  **Id.**

C. **Use of Vocational Testimony**

17.     The Commissioner was required, by prior decision of this Court, to take one of two courses.

If he concluded that Plaintiff's residual functional capacity and postural limitations did not foreclose

reliance on the Grids, he was to conduct an individualized determination before applying the Grids

in assessing the "borderline" period.  By law, that period was limited to some period less than seven

months before Plaintiff's  fiftieth birthday.  Alternatively, he could forego reliance on the Grids and

obtain vocational evidence.

18.     Defendant argues that the decision of ALJ Bivins did just that. A vocational expert was

present at and testified at the administrative hearing conducted by ALJ Bivins.  (Tr. 204, 229-224).

He reviewed the administrative file as it related to vocational matters.  (Tr. 299).   He was asked to

assume an individual with specified limitations[7] (Tr. 235-237).  Based on these factors, the vocational

expert testified that Plaintiff could perform a number of sedentary semi-skilled and unskilled jobs,

identifying the jobs of draftsman[8] and assembler. (Tr. 238).  The vocational expert did not testify as

to the numerical availability of these jobs in the regional or national economy.  When relying on the

---

533, 534-35 (S.D.Fla.1985) (thirty days within borderline); **Ford v. Heckler**, 572 F.Supp. 992,  994
(E.D. N.C. 1983) (two months deemed borderline); **Hilliard v. Schweiker**, 563 F.Supp. 99, 101-02
(D.Mont.1983) (eighty-eight days within borderline).

[7]Lifting limited to 10 pounds  (See Tr. 224);Standing limited to 20 minutes at a time for a total of 2-3
hours per day (See Tr. 222); Sitting limited to 1 ½ hours a time of a total of 6-7 hours a day (See Tr. 221);
The need to elevate his leg 4-5 times per day, including time not at work, for 15-20 minutes each time.  (Tr.
215); Walking limited to a few blocks, using a cane and leg brace (See Tr. 222); No repetitive bending. (See
Tr. 149, 224);Climbing restricted to occasional basis only, and for only very short steps. (See Tr. 224); No
crawling, squatting or kneeling.

[8] The VE's testimony regarding the job of draftsman is unclear.  Although he stated Plaintiff retained
the residual functional capacity to perform the job of draftsman, he also testified that it was "beyond (his)
comprehension" that Plaintiff would have the skills to perform that job.  (Tr. 237-238).

testimony of a vocational expert, the ALJ "must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual lives or in several regions of the country." **Haddock v. Apfel**, 196 F.3d 1084, 1088 (10th Cir. 1999) **citing** Social Security Ruling 96-9p, 1996 WL 374185, at 5; Social Security Ruling 83-14, 1983 WL 31254, at 6; Social Security Ruling 83-12, 1983 WL 31253, at 5. ALJ Bivins' decision is not supported by substantial evidence because the vocational expert presented no testimony as to the incidence of the identified jobs in the regional or national economies.

**V.      Recommendation**

19.      For these reasons, I recommend that Plaintiff's Motion to Reverse and Remand be Granted in part, and that this case be remanded to the Commissioner with instructions to conduct additional proceedings at step five of the sequential evaluation process. The Commissioner may rely upon the Medical Vocational Guidelines in conducting this evaluation, provided he conducts and documents an individualized determination applicable to the borderline period within seven months of Plaintiff's fiftieth birthday.   Alternatively, the Commissioner may forego reliance on the Grids, and obtain adequate vocational evidence.   All findings made by the Commissioner shall be supported by substantial evidence.


_____
**RICHARD L. PUGLISI**
**UNITED STATES MAGISTRATE JUDGE**